UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:08CV-267-H

PURE H20 BIO TECHNOLOGY, INC.                                    APPELLANT

V.

JOSEPH A. MAZZIOTTI
AND
GUS GOLDSMITH                                                    APPELLEES


**MEMORANDUM OPINION AND ORDER**


This Court now considers the appeal of Pure H20 Bio Technology, Inc. ("Pure H20")

from the Bankruptcy Court's order dated March 28, 2008, which dismissed Counts III through

IX of the Second Amended Complaint for determination of non-dischargeability of debts,

avoidance of post-petition transfers and subordination of the lien.

Although Pure H20 presents a variety of issues, they may be summarized as (1) whether

the Bankruptcy Court erred in finding that the execution of Mr. Friedman's Subordination

Agreement tainted Pure H20 with unclean hands; (2) whether the Bankruptcy Court erred in

finding that uncleaned hands deprived Pure H20 with the right to request an order of contempt

against Joe Mazziotti; and (3) whether the Bankruptcy Court erred in finding that uncleaned

hands deprived Pure H20 with the right to request equitable subordination.

The Court reviews the Bankruptcy Court's factual findings under the "clear error

standard of review."  The Sixth Circuit has recognized that district courts do not have the

authority to reevaluate the Bankruptcy Court's factual findings, especially concerning the credibility of witnesses, unless they are clearly erroneous. *Perkins v. Petro Supply Co., Inc.,* 971 F.2d 1219, 1224 (6th Cir. 1992). The appropriate standard review from the Bankruptcy Court's legal conclusions is *de novo*. *In re Baker & Getty,* 974 F.2d 712, 717 (6th Cir. 1992).

The Court has carefully reviewed the Memorandum Opinion of the Bankruptcy Court and the arguments of the parties about it. In determining whether the execution of the Subordination Agreement by Mr. Friedman tainted Pure H20 with unclean hands, the Bankruptcy Court considered the testimony both of Mr. Charles Friedman and Mr. Murray Greenwald. It had the benefit of seeing and hearing both testimonies firsthand. It found that Mr. Greenwald testified with more credibility and without contradiction. Given the credibility of Mr. Greenwald's testimony, the Bankruptcy Court found that Mr. Friedman authorized use of the Subordination Agreement and that in fact he had acted as the agent for Pure H20 when he signed the Subordination Agreement. Based upon the evidence at trial, this Court believes that the Bankruptcy Court's conclusions were very reasonable. Certainly, there is no basis in the record which would justify this Court overturning the Bankruptcy Court's factual findings.

As a general rule, one seeking equitable relief must come to the Court with clean hands. *See Precision Instrument Mfg. Co., et al. v. Automated Maintenance Machinery*, 324 U.S. 806, 814 (1945). Once the Court has affirmed the Bankruptcy Court's factual findings, its decision to deny Pure H20 equitable relief follows naturally. The Bankruptcy Court found as follows:

> Here, Plaintiffs' execution of the Subordination Agreement deprives it of the clean hands necessary for it to demand equitable relief from this Court with respect to the Refinancing. The Refinancing clearly would not have taken place but for Plaintiff's signing of the Subordination Agreement. Plaintiff therefore cannot now be heard to complain about the Refinancing or seek to obtain

2

> a better financial position through equitable subordination of Mr.
> Goldsmith's loan. For this reason alone, the Court must deny the
> contempt motion and find against Plaintiff and in favor of
> Defendants with regard to Counts III through IX of the Complaint.

This Court agrees that because the Bankruptcy Court did not find that Mr. Goldsmith had

engaged in any misconduct, it does not offend the notions of equity to conclude also that Pure

H20's own unclean hands were closed in the effort to equitably subordinate Mr. Goldsmith's

mortgage.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the Memorandum Opinion and Order of the Bankruptcy

Court dated March 24, 2008, is AFFIRMED.

cc:     Counsel of Record & Bankruptcy Court

3